UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN CAZES                                            CIVIL ACTION

VERSUS                                                 NO. 14-2558

GREAT WEST CASUALTY COMPANY,      SECTION "C" (1)
ET AL

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained on August 1, 2013, in an automobile accident. Suit was filed on July 31, 2014, and removed on the basis of diversity jurisdiction on November, 2014.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit

advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  Dart Cherokee Basin Operating Co., L.L.C. v. Owens, 2014 WL 7010692 (U.S.) at *5.  When the defendant's assertion of the amount in controversy is challenged, proof is submitted and the court decides by a preponderance of the evidence whether the jurisdictional minimum existed at the time of removal.  Id; 28 U.S.C. § 1446(c)(2).   In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Luckett, 171 F.3d at 298.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden. It argues that the plaintiff's refusal to stipulate that his damages do not exceed the jurisdictional threshhold, along with a September 2014 settlement demand from plaintiff's counsel in the amount of $275,000, establish the existence of the jurisdictional minimum at the time of removal. Rec. Doc. 5 at 2. It also argues that the plaintiff had incurred medical expenses in the amount of $8050.00 at the time of removal for injuries involving a partial thickness tear of the medial meniscus of the right knee, and disc herniations of the cervical and lumbar spine with nerve root involvement. Rec. Doc. 5 at 4.

The defendant also states that the plaintiff's treating physician has recommended surgery for the neck and back. Id. However, closer examination of the treating neurologist's report indicates only that the plaintiff's "symptoms in both areas are going to demand surgery" and that further testing would be performed prior to referring the patient to a neurosurgeon. Rec. Doc. 5-2 at 4. The plaintiff argues that the plaintiff's treating neurosurgeon has recommended injections, has not opined on whether or not surgery will be recommended and the jurisdictional minimum would only exist if such a surgical recommendation is made by the treating neurosurgeon. Rec. Doc. 6 at 2-3.

Based on the record and the law, the Court finds that the defendant has not made a sufficient showing that the jurisdictional minimum existed at the time of removal. The record lacks evidence of significant medical expenses, a final diagnosis or prognosis, the

length of any alleged disability or whether surgery will be recommended and performed.

This case presents a close call in light of the plaintiff's symptoms. Based on the record and the law, however, the Court can not find that the defendant has established subject matter jurisdiction. The Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 13th day of January, 2015.

                                               HELEN G. BERRIGAN
                                             UNITED STATES DISTRICT JUDGE